

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2006

# Thomas v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4500

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Thomas v. Smith" (2006). *2006 Decisions.* Paper 1046.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1046

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-131                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4500
_____

STEPHEN LEE THOMAS, II,

Appellant

v.

JOSEPH SMITH, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-00985)
District Judge: Honorable Yvette Kane
_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 16, 2006

BEFORE: ROTH, FUENTES and VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed May 24, 2006)

_____

OPINION

_____

PER CURIAM

Steven Thomas appeals the denial of his petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 by the District Court for the Middle District of Pennsylvania.

I.

Thomas was convicted in the Western District of Texas of bank robbery and a weapons offense, and was sentenced to a collective term of 360 months imprisonment. Thomas subsequently filed a motion to vacate pursuant to 28 U.S.C. § 2255 and two § 2241 habeas petitions in the Western District of Texas, all of which were dismissed.

In 2005, Thomas filed a § 2241 habeas petition in the Middle District of Pennsylvania, his district of confinement, challenging his sentence under United States v. Booker, 125 S. Ct. 738 (2005). The District Court found that § 2241 was not available to Thomas and denied relief. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

II.

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge to his sentence. 28 U.S.C. § 2255; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A § 2241 petition may not be entertained unless a motion under § 2255 would be "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner can not meet the stringent gate keeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

Thomas' claims fall within the purview of § 2255, and as found by the District

Court, Thomas has not demonstrated that § 2255 is "inadequate or ineffective." Cf. Okereke, 307 F.3d at 120-21 (finding § 2255 not "inadequate or ineffective", where successive petitioner sought to raise sentencing claim based on intervening decision in New Jersey v. Apprendi, 530 U.S. 466 (2001)). Furthermore, Thomas' assertion that his case is analogous to In re Dorsainvil, 199 F.3d 245 (3d Cir. 1997), in that he is actually innocent of the murder that provided the basis for his significant sentencing enhancement, see Memorandum in Support of Habeas Petition at 6-7, is without merit. Unlike the intervening change in law in Dorsainvil that potentially made the crime for which the petitioner was convicted non-criminal, Booker deals with sentencing and did not render robbery, Thomas' offense of conviction, non-criminal. See Okereke, 307 F.3d at 120.

III.

Accordingly, as there is no substantial question presented by this appeal, we will summarily affirm. Third Circuit LAR 27.4; Third Circuit I.O.P. 10.6.